UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RALSTON E. SAMUELS, :
:
    Plaintiff, :
: PRISONER
v. : NO. 3:07-CV-440(RNC)
:
MARK BUCHANAN, ET AL., :
:
    Defendants. :

## SECTION 1915A RULING AND ORDER

Plaintiff, incarcerated and pro se, has filed a complaint under 42 U.S.C. § 1983 alleging violation of his federal rights by state employees.

Under 28 U.S.C. § 1915A, the Court must review prisoner complaints against governmental actors "as soon as practicable after docketing," and dismiss any portion of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." Id.

On May 17, 2007, the Court held a videoconference with plaintiff to aid in its review of the complaint under section 1915A. See Spears v. McCotter, 766 F.2d 179, 180-81 (5th Cir. 1985) (authorizing hearings in prisoner civil cases to clarify the factual and legal bases for the prisoner's claims). Plaintiff having clarified the bases for his complaint at the conference, the Court now issues the following ruling and order:

## FACTS AS ALLEGED

1. While playing soccer at recreation at Cheshire C.I. on March

29, 2004, plaintiff injured his right knee.
2. Medical personnel examined him and issued crutches, an ice pack, pain medication and a knee brace, but did not issue a bottom bunk pass.
3. Dr. Ricardo Ruiz later examined plaintiff's knee and determined the injury would require surgery.
4. Dr. Ruiz denied plaintiff's request for a bottom bunk pass.
5. For a week, plaintiff resided without a cellmate. He was later assigned a cellmate who had a bottom bunk pass.
6. Despite knowing plaintiff was injured and currently on crutches, Lieutenant Watson, the third-shift duty lieutenant, ordered plaintiff to sleep in the top bunk of his cell. When plaintiff explained he could not climb to the top bunk because of his knee injury, Lieutenant Watson threatened plaintiff with segregation if he did not move to the top bunk.
7. Because he could not climb to the top bunk, plaintiff slept on a mattress on the floor of his cell for two nights until prison staff moved him to a cell where he was able to sleep on the bottom bunk.
8. Plaintiff received a bottom bunk pass in June 2004.
9. Although Dr. Ruiz diagnosed plaintiff's injury as requiring surgery, medical personnel at Cheshire sought a second opinion by Dr. Augustus Mazzocca to confirm the surgical diagnosis.
10. Dr. Mazzocca examined plaintiff at the Manson Youth Institute

11. After the examination, Dr. Mazzocca informed plaintiff that the injury was severe and would require surgery soon.

12. Plaintiff's MRI was completed on August 11, 2004.

13. Plaintiff did not undergo surgery until December 22, 2004.

14. Mark Buchanan, Head Supervisor at the University of Connecticut Health Center, implemented policies that resulted in an unreasonable delay in plaintiff's receiving surgery.

## SECTION 1915A ANALYSIS

Under the Federal Rules of Civil Procedure and Second Circuit precedent, a pro se complaint adequately pleads a claim for relief if the plaintiff's factual allegations, liberally construed, could "conceivably give rise to a viable claim." Phillips v. Girdich, 408 F.3d 124, 130 (2d Cir. 2005). The Court must assume the truth of the allegations, and interpret them liberally to raise the strongest arguments they suggest. Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Dismissal is appropriate only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id.

Plaintiff's allegations are at least marginally sufficient to plead a claim for deliberate indifference to serious medical needs against defendants Ruiz, Mazzocco and Buchanan based on the nine month delay in providing plaintiff with surgery.[1]

---

[1] As discussed during the videoconference, plaintiff's allegations are insufficient to support a constitutional claim against Lt. Watson.

## APPOINTMENT OF COUNSEL

Plaintiff requested appointment of counsel during the videoconference. The Court will attempt to appoint counsel to represent him in this case.

## CONCLUSION

Pursuant to its review under 28 U.S.C. § 1915A, the Court concludes that the complaint states a cognizable claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment against Drs. Ruiz and Mazzocca and Supervisor Buchanan. Plaintiff's claims for money damages are cognizable against defendants in their individual capacities only. However, plaintiff's claims for declaratory and injunctive relief are cognizable against defendants in their official capacities.

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1) This case will proceed solely on the cognizable claim and against the defendants listed above. No other claim or defendant shall be included in the case, except on a motion to amend filed in compliance with Federal Rule of Civil Procedure 15.

(2) The Pro Se Office will mail waiver of service of process request packets to Drs. Ruiz and Mazzocca and Mr. Buchanan within five business days of this Order, and report to the Court on the status of those waiver requests on the thirty-fifth (35) day after

mailing. If any defendant fails to return the waiver request, the Pro Se Office will make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4) The U.S. Marshals Service will serve a copy of the Complaint and this Order on the defendants in their official capacities by delivering the necessary documents in person, or by certified mail, to the Attorney General's office in Hartford, within five business days of this order.

(5) The Pro Se Office will send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

(6) The Pro Se Office will send written notice to plaintiff of the status of this action along with a copy of this Order.

(7) Defendants will file an answer within 60 days of receiving service of process. The answer will admit or deny the allegations relevant to the cognizable claim recited above and may also include any and all additional defenses permitted by the Federal Rules.

So ordered this 25th day of May 2007.

/s/
Robert N. Chatigny
United States District Judge